UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| OLLIE PETERSON | No. 14 cv 6010 |
| --- | --- |
| v. | (11 cr 517) |
| UNITED STATES OF AMERICA | Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Ollie Peterson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the following reasons, Petitioner's Motion is denied.

## I. BACKGROUND

In January 2012, Petitioner Ollie Peterson ("Peterson") pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Peterson's lawyer argued that he did not use actual weapons when committing the offense and that although his motive was to repay a drug debt, he was actively seeking treatment for substance abuse. At the time of the sentencing, Peterson was determined to be a career offender under USSG 4B1.1 in light of his seven prior convictions of aggravated robbery. On May 25, 2012, I sentenced Peterson to 168 months in prison, due in part to his categorization as a career offender and the absence of mitigating factors in his upbringing and home life. The 7th Circuit affirmed this sentence on October 17, 2013. Before me now is Peterson's motion to vacate the sentence pursuant to 28 U.S.C. § 2255.

## II. LEGAL STANDARD

Relief under 28 U.S.C. § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred," resulting in "a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). Generally, before a court may consider a § 2255 petition, the claims must have

1

been raised and exhausted on direct appeal, *Massaro v. United States,* 538 U.S. 500, 504 (2003), except that a petitioner may raise an ineffective assistance of counsel claim under § 2255 regardless of whether or not the petitioner could have raised the claim on direct appeal. *Id.* A complaint drafted by a *pro se* litigant, no matter how unartfully pleaded, is held to less stringent standards than formal pleadings drafted by counsel. *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th. Cir. 1997) (quoting *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)).

Peterson's claim of ineffective assistance requires him to show 1) that counsel was deficient and 2) that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong requires that the petitioner demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The prejudice prong requires a showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In assessing this claim, the court is highly deferential to counsel and observes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland,* 466 U.S. at 689. A failure to establish either deficient performance or prejudice dooms the claim, *Gant v. United States*, 627 F.3d 677, 682 (7th Cir. 2010) (citing *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)), and if the petitioner is unable to make a sufficient showing on one of the *Strickland* prongs, the court need not consider the other. *Strickland*, 466 U.S. at 697; *see Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012).

## III. DISCUSSION

As a preliminary matter, I am not holding an evidentiary hearing on this issue, as the record contains the necessary information I need to make my decision. Additionally, I am denying Petitioner's request for appointment of counsel. As Petitioner concedes, there is no

constitutional right to appointed counsel in a § 2255 proceeding, although it is permissible under 18 U.S.C. § 3006(a)(2) if in the interests of justice so require. Here, Petitioner argues that he lacks legal expertise and resources to fully develop his arguments and that judicial efficiency would be served by appointing him a lawyer. While I am cognizant of Peterson's legal inexperience and will consider his arguments with that in mind, this is not a case where justice requires the appointment of counsel. In fact, the briefs Peterson has presented are clear, coherent, and sufficiently thorough to allow me to rule on this issue.

Lastly, I am denying Peterson's request for a certificate of appealability and his request to amend his petition. I consider the ineffective assistance of counsel claims below.

**A. Ineffective Assistance of Trial Counsel**

Peterson argues that his trial attorney's performance was constitutionally deficient during sentencing. First, he alleges that his attorney, Daniel J. Hesler ("Hesler") failed to make a "sophisticated argument for a downward departure" of his sentence under USSG 4A1.3. That section says in part: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." Second, Peterson contends that Hesler failed to meaningfully make the argument that because Peterson's prior convictions for aggravated robbery were non-violent (although not without the threat of force), that should disqualify Peterson from being considered a career offender.

The record shows that Hesler did ask for "as lenient a sentence as is possible," while acknowledging that the seriousness of the offense and Peterson's criminal history precluded a low sentence. Nevertheless, Hesler argued at length that Peterson was deserving of a downward

departure, for reasons including that "[a]s crimes of violence go . . . this is at the very bottom of the spectrum . . . [H]e did the absolute minimum he could to get money." Peterson acknowledges that these arguments were made, but believes Hesler was constitutionally deficient in failing to attach more weight to the fact that Peterson was never violent, nor did he ever use a weapon in the instant offense or prior ones. Furthermore, Peterson seems to regard the fact that Hesler's arguments did not produce the downward departure he would have liked to be evidence that Hesler was ineffective.

When evaluating an ineffective assistance of counsel claim, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A petitioner's dissatisfaction with his counsel's strategy, performance, or the outcome of the case is not sufficient to deem the representation constitutionally deficient; indeed, competent professionals may reasonably disagree on the litigation strategies, just as they may have sound reasons for failing to raise or emphasize certain points. The test laid out in *Strickland* is whether counsel's performance fell below an "objective standard of reasonableness." *Id*. at 689.

Here, Hesler did raise the arguments that Peterson seeks to emphasize now. The fact that he did not explicitly phrase his argument as a request for a downward departure does not mean that the argument was not effectively made. Additionally, Hesler's decision to incorporate other arguments about Peterson's character and family history, rather than focusing primarily or exclusively on his history of non-violence, falls well within the range of objective reasonableness. Without speculating as to Hesler's state of mind or legal strategy, it is worth noting that Illinois defines aggravated robbery as a robbery where the offender "indicat[es]

4

verbally or by his or her actions" that he or she is armed, even if "it is later determined that he or she had no . . . weapon." 720 ILCS 5/18/-5. Peterson did plead guilty to an offense—aggravated robbery—that is designated as a crime of violence under Illinois law, 20 ILCS 301/1-10, even when the offender is, in reality, unarmed. Therefore, while Peterson contends that he should not qualify as a career offender because his convictions did not involve actual violence, it is not objectively unreasonable for an attorney to decline to make this argument.

For the foregoing reasons, I find that Peterson's ineffective assistance of counsel claims fail as to Hesler's presentation at the sentencing. Because Peterson has not met the deficiency prong of the *Strickland* test, I need not proceed to the prejudice prong.

## B. Ineffective Assistance of Appellate Counsel

Peterson also raises an ineffective assistance claim against his appellate counsel. For this claim, he must show that counsel 1) "failed to raise an obvious issue that is stronger than the other claims raised" and 2) "prejudice flowed from that failure." *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010) (citing *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004)). Appellate counsel "is not required to raise every non-frivolous issue on appeal." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (citing *Brown v. Finnan*, 598 F.3d 416, 425 (7th Cir. 2010)).

Peterson's argument is twofold. First, he alleges that his lawyer wrongly neglected to bring up the fact that this Court remarked that Peterson's stable background could be either an aggravating or mitigating factor, which Peterson considers grounds for an appeal. Second, he alleges that this Court impermissibly considered his age when determining his sentence, specifically by noting that "I think he's capable of leading a decent, law abiding life if he stays away from drugs, and I don't think he will reach the ability to do that until he is significantly older than he is today. Indeed, the only people I have ever seen who have escaped patterns of life

5

that are similar to this defendant's are people who are in advanced to middle-aged before they're finally released from prison."

With regards to the appellate lawyer's failure to raise an ineffective assistance claim on appeal, Peterson has not shown a deficiency, which he must do to meet the first prong of the *Strickland* test. In fact, it is often more prudent to litigate such arguments on a habeas motion, where the record has been more fully developed, rather than raising them during direct appeal. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003); *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015); *United States v. Bryant*, 754 F.3d 443, 444 (7th Cir. 2014) (stating ineffective assistance claims "usually as a matter of prudence should not" be raised on direct appeal). Thus, Peterson's lawyer did not fail to raise an obvious, strong issue in this regard, as the Seventh Circuit has urged attorneys to do exactly what Peterson's attorney did—save ineffective assistance claims for habeas appeals.

Finally, it is permitted under § 3553(a)(2)(C) to consider an offender's age when contemplating the risks of recidivism as a factor in sentencing. *See, e.g., United States v. Johnson*, 685 F.3d 660 (7th Cir. 2012). Nevertheless, I believe Peterson is entitled to a further explanation of my meaning when I referenced his age at the sentencing hearing. A hearing to address this point will be scheduled shortly, at which Peterson may appear by video conference.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 11, 2016